# In the United States Court of Federal Claims

No. 23-1368 C

Filed: March 28, 2024

_____
)
CARLOS A. ALFORD,                    )
                                     )
                     *Plaintiff*,          )
                                     )
   v.                                )
                                     )
THE UNITED STATES,                   )
                                     )
                    *Defendant*.         )
_____  )

*Carlos A. Alford*, pro se.

*Stephen J. Smith*, for the United States, with whom were *Reginald T. Blades*, *Patricia M. McCarthy*, and *Brian M. Boynton*.

## OPINION AND ORDER

### I.    Background

    This action arises from Plaintiff Carlos Alford's application to work as a paralegal specialist at NASA's Johnson Space Center legal office. ECF No. 1 at 1. Plaintiff contends that he "was the top candidate for the position," but the night before his interview, Jim Breinstien[1] contacted him and "stated that [Plaintiff] should not attend the meeting because they would not hire [him] regardless of his experience, education, and 10-point [veteran's preference]." ECF No. 1 at 1. Ignoring Breinstien's warning, Plaintiff attended the interview. Then after the interview, Plaintiff alleges, because he was the most qualified, Christine Paulsen sent a letter to the Office of Personnel Management stating that Plaintiff lied on his job application and asked to have Plaintiff's 10-point preference passed over. *Id.* Plaintiff filed a complaint with NASA's Office of Diversity and Equal Opportunity, ECF No. 1-2 at 2, and the EEOC, ECF No. 7 at 2.

    On August 17, 2023, Plaintiff filed this action, alleging defamation against Paulsen and Breinstien, specifically claiming Paulsen "went beyond her duties to have [Plaintiff's veteran

---

[1] Plaintiff seems to use multiple names for this individual. In his complaint, Plaintiff lists "Jim Brenstien," ECF No. 1 at 1, and "Jim Breinstien," ECF No. 1 at 2. But later in the attachment to his complaint, Plaintiff refers to him as "Mr. Brinson." ECF No. 1-2 at 13. For clarity, the Court uses the name listed by Plaintiff in the "parties" section of the complaint—Jim Breinstien.

status] passed over." ECF No. 7 at 2.  The Government then filed a motion to dismiss, ECF No. 6, asking the Court to dismiss Plaintiff's case for lack of jurisdiction.

## II.     Legal Standard

"Subject matter jurisdiction is a threshold issue that must be determined at the outset of a case." *King v. United States*, 81 Fed. Cl. 766, 768 (2008) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)).  This Court's primary source of jurisdiction is the Tucker Act, 28 U.S.C. § 1491.  Under the Tucker Act, this Court has subject matter jurisdiction over claims brought against the United States that are "founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S. C. § 1491(a)(1).  But "[t]he Tucker Act itself does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).  To establish jurisdiction, Plaintiff "must identify a separate source of substantive law that creates the right to money damages." *Id.* (citations omitted).  If there is no money-mandating source of law that supports Plaintiff's claims, "the Court of Federal Claims lacks jurisdiction" and the case must be dismissed for lack of subject matter jurisdiction. *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cnty., Ariz. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

When deciding a Rule 12(b)(1) motion to dismiss, the Court "must accept all well-pleaded factual allegations as true and draw all reasonable inferences in [the Plaintiff's] favor." *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000).  And it is well-established that the plaintiff "bears the burden of establishing that the court has subject matter jurisdiction by a preponderance of the evidence." *Howard v. United States*, 74 Fed. Cl. 676, 678 (2006), *aff'd*, 230 F. App'x 975 (Fed. Cir. 2007) (per curiam) (citation omitted).  Complaints filed by *pro se* plaintiffs "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) (citation omitted).  But "the leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements." *Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) (citing *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

## III.    Discussion

The Government argues that the Court lacks jurisdiction for two reasons.  First, Plaintiff's claims sound in tort, which is beyond this Court's jurisdiction.  Second, Plaintiff's claims extend to entities other than the United States, which also fall outside this Court's jurisdiction.  ECF No. 6.  Plaintiff's response, ECF No. 7, does little to rebut the Government's arguments.  Instead, Plaintiff argues that Paulsen perjured herself before the EEOC, claims that NASA's communications to the Office of Personnel Management included false facts, and insists that because NASA violated his "right to life, liberty, and the pursuit of happiness," this Court has jurisdiction.  ECF No. 7 at 5.  Plaintiff also relies on the "Veterans Affairs Motto" as a source of jurisdiction for veterans to sue. *Id.*  In the end, regardless of Plaintiff's arguments to the contrary, the Court does not have jurisdiction over his action.

### A.  This Court lacks jurisdiction over Plaintiff's claims.

As the Government correctly asserts, this Court does not have jurisdiction over claims that sound in tort. Rather, this Court has "jurisdiction to render judgment upon any claim against the United States . . . in cases *not sounding in tort*." 28 U.S.C. § 1491(a)(1); *Keene Corp. v. United States*, 508 U.S. 200, 214 (1993); *Bru'ton v. United States*, 621 F. App'x 650, 651 (Fed. Cir. 2015) ("It is well established that the Court of Federal Claims does not have jurisdiction over tort claims."). Indeed, Congress vested the exclusive authority to hear claims under the Federal Tort Claims Act in the district courts. 28 U.S.C. § 1346(b)(1). And when Congress vests the exclusive jurisdiction over cases in the district courts, this Court lacks jurisdiction to hear such cases because "Congress may also specify, in a particular statute that mandates payment of money, that review is restricted to a court other than ours." *Kristian v. United States*, No. 19-1576C, 2020 WL 504793, at *1 (Fed. Cl. Jan. 31, 2020) (quoting *Fletcher v. United States*, No. 10-203C, 2010 WL 2640337, at *2 (Fed. Cl. June 30, 2010)). Defamation, libel, and similar claims have "long been recognized as tort claims." *Baker v. United States*, 642 F. App'x 989, 991 (Fed. Cir. 2016) (holding that the Court of Federal Claims does not have jurisdiction over tort claims like defamation).[2]

To the extent Plaintiff intended to include claims for employment discrimination under either Title VII or the ADA, the Court lacks jurisdiction over those claims, as well. *Aljindi v. United States*, No. 2022-1117, 2022 WL 1464476, at *2 (Fed. Cir. May 10, 2022) ("[W]e have previously explained that only the district courts—which do not include the Court of Federal Claims—have jurisdiction over employment discrimination claims."); *McCauley v. United States*, 152 F.3d 948 (Fed. Cir. 1998) (holding that district courts have exclusive jurisdiction over ADA claims); *Searles v. United States,* No. 09-218C, 2009 WL 3046959 (Fed. Cl. Sept. 18, 2009) ("[T]his court is without jurisdiction to hear claims under the ADA nor the Rehabilitation Act.").

Finally, Plaintiff makes several other assertions of jurisdiction that fail to establish this Court's jurisdiction. For example, he claims that because Congress allows Marines to sue for contaminated water, "all Marines are granted the right to sue the United States Government." ECF No. 7 at 4. Not so. Permission to sue for a specific harm—*i.e.*, contaminated drinking water—does nothing to establish a right to sue for anything else. Similarly, Alford appears to claim a right to sue for the United States allegedly violating his "right to life, liberty, and the pursuit of happiness." *Id*. at 5. To the extent this is intended to rely on the Due Process Clause to establish this Court's jurisdiction, that fails as well. The Due Process Clause is not a money-mandating source of law. *See Golden Pac. Bancorp v. United States*, 15 F.3d 1066, 1076 (Fed. Cir. 1994). Plaintiff also claims to sufficiently allege "consumer harm and damage." ECF No. 7 at 1. Whatever that means, it does not identify any money-mandating source of law upon which Plaintiff can establish this Court's jurisdiction.

Accordingly, the Court lacks jurisdiction over Plaintiff's claims.

---

[2] Plaintiff's complaint also categorizes defamation as a tort. ECF No. 1-2 at 12 ("The [t]ort of defamation can be divided into claims involving two distinct types of statements: defamatory per se statements and defamatory per quad [*sic*] statements.").

### B.  This Court lacks jurisdiction over parties that are not the United States.

The Government also argues that Plaintiff's claims should be dismissed as to Paulsen and Breinstien because the Court only has jurisdiction over money judgments against the United States.  ECF No. 6 at 5-6.  Indeed, as the United States Supreme Court has reasoned, "upon a review of the statutes creating the court and defining its authority, [this Court's] jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States . . . and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood*, 312 U.S. 584, 588 (1941).

Although Plaintiff's complaint lists Paulsen and Breinstien as "additional plaintiffs," ECF No. 1 at 2, it is clear that he intended to list them as the defendants in this action.  But the Court does not have jurisdiction over individuals—even if they are government employees.  *Martin v. United States*, No. 2022-1810, 2023 WL 1878576, at *3 (Fed. Cir. Feb. 10, 2023) ("For example, the court can only hear claims against the government; thus, it cannot hear claims brought against individuals, even individuals alleged to be federal officials."); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."). The fact that Plaintiff used the Court's form complaint which lists the United States as the sole defendant does not establish jurisdiction, either.  *Cooper v. United States*, 771 F. App'x 997, 1000 (Fed. Cir. 2019) ("Although the complaint names the United States as the sole defendant in the case caption, we customarily look to the substance of the pleadings rather than their form to determine whether jurisdiction exists.") (internal quotations omitted).

### C.  This Court lacks jurisdiction under 28 U.S.C. § 1500. [3]

Alternatively, the Court lacks jurisdiction for a third reason: Plaintiff had a pending case in the United States District Court for the Eastern District of North Carolina involving the same operative facts on the day he filed the instant matter.  *See* Operative Complaint, *Alford v. Nelson*, No. 7:22-cv-00173-FL (E.D.N.C. Jan. 19, 2023), ECF No. 10.  Section 1500 restricts the jurisdiction of this Court when related actions are pending in other courts.  *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 310 (2011).  Put another way, this Court "has no jurisdiction over a claim if the plaintiff has another suit for or in respect to that claim pending against the United States or its agents." *Id.*

The § 1500 inquiry is two-fold.  *Otis v. United States*, No. 23-483, 2024 WL 87640, at *3 (Fed. Cl. Jan. 8, 2024).  First, there must be an earlier-filed suit pending in another court.  *Id.*  Second, the earlier-filed suit must be "for or in respect to" the claim before this Court.  *Id.*  "Two suits are for or in respect to the same claim, precluding jurisdiction in the CFC, if they are based on substantially the same operative facts, regardless of the relief sought in each suit." *Tohono O'Odham Nation*, 563 U.S. at 317.  In this case, the analysis on both prongs is straightforward.

---

[3] Although the Government does not raise this argument, the Court has an independent obligation to ensure its own subject-matter jurisdiction over a case.  *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005); *Hymas v. United States*, 810 F.3d 1312, 1316 (Fed. Cir. 2016).

As to the first prong, Plaintiff's case in the Eastern District of North Carolina was filed on January 19, 2023; his case in this Court was filed on August 17, 2023. The district court case was pending until December 4, 2023, when it was dismissed for failure to prosecute. Order, *Alford v. Nelson*, No. 7:22-cv-00173-FL (E.D.N.C. Dec. 4, 2023), ECF No. 35. The dismissal of the district court case does not impact the analysis, though, because the relevant inquiry looks only to the date the complaint was filed in this Court. *Cent. Pines Land Co. v. United States*, 697 F.3d 1360, 1364 (Fed. Cir. 2012) ("Because subject matter jurisdiction depends on the state of things at the time of the Claims Court action that was brought, we look to the facts as they exist when a plaintiff filed his Claims Court complaint to determine if § 1500 applies.").

On the second prong, the two cases are certainly "in respect to" the same claims. To be sure, Plaintiff used the same exact document to lay out his factual background and claims, adding only a few additional documents and the respective court cover sheet to each complaint. *Compare* ECF No. 1-2, *with* Operative Complaint, *Alford v. Nelson*, No. 7:22-cv-00173-FL (E.D.N.C. Jan. 19, 2023), ECF No. 10.[4] Because the allegations of the complaints mirror each other, the claims arise from the same set of operative facts, and this Court lacks jurisdiction. *Griffin v. United States*, 590 F.3d 1291, 1294 (Fed. Cir. 2009).

## IV.    Conclusion

For the foregoing reasons, the Court:

- **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis*, ECF No. 2;

- **GRANTS** the Government's motion to dismiss, ECF No. 6; and

- **DIRECTS** the Clerk's Office to **ENTER JUDGMENT** accordingly.

It is so ORDERED.

s/ Edward H. Meyers<br>
Edward H. Meyers<br>
Judge

---

[4] Plaintiff should be well-aware of § 1500's command—he has had previous cases dismissed in this Court for that same reason. *See Alford v. United States*, No. 15-191C, 2015 WL 5244721 (Fed. Cl. Sept. 1, 2015) ("As a result, these cases are barred by 28 U.S.C. § 1500 and, in accordance with RCFC 12(h)(3), the complaints must be dismissed *sua sponte*."); Order, *Alford v. United States*, 15-973C (Fed. Cl. Dec. 18, 2015), ECF No. 12 ("We therefore conclude that the complaint must [be] dismissed for lack of jurisdiction because 28 U.S.C. § 1500 divests this court of jurisdiction[.]").